IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANIE DONALDSON-GROVES                                                                    PLAINTIFF

vs.                                     Civil No. 3:12-cv-03136

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Janie Donaldson-Groves ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her SSI and DIB applications on January 13, 2010. (Tr. 11, 149-154). In these applications, Plaintiff alleges being disabled due to the following: problems with both shoulders, arthritis, high blood pressure, anxiety, and depression. (Tr. 192). Plaintiff alleges an onset date of July 11, 2007. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 52-55).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 75-84). Plaintiff's administrative hearing was held on May 25, 2011 in Fort Smith, Arkansas. (Tr. 25-51). Plaintiff was present at this hearing and was represented by J. T. Magnus. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 29). Plaintiff also testified she had graduated from high school and had obtained a bachelor of science degree in psychology. *Id.*

On June 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 11, 2007, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff has the following severe impairments: restriction of the left arm status post two left rotator cuff repair surgeries, restriction of the right arm, morbid obesity, and a mood disorder. (Tr. 13-14, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

2

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant cannot perform overhead repetitive reaching bilaterally.

*Id.* Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" involves the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a clerk or cashier. *Id.* Considering her RFC, the ALJ found Plaintiff retained the capacity to perform this PRW. *Id.* Because she retained the capacity to perform her PRW, the ALJ found Plaintiff had not been under a disability, as defined by the Act, from July 11, 2007 through the date of his decision or through June 16, 2011. (Tr. 19, Finding 7).

On August 11, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-7). On August 28, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On October 17, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal, Plaintiff claims this case should be reversed because the ALJ did not base his RFC determination upon all of the evidence in the record. ECF No. 9. Plaintiff raises three specific arguments attacking the ALJ's RFC determination: (A) the ALJ improperly weighed the opinions of her physicians; (B) the ALJ did not fully consider her degenerative disc disease and carpal tunnel syndrome when assessing her RFC; and (C) the ALJ did not give proper weight to the statements made by Plaintiff's mother in support of her allegations. *Id.* In response, Defendant argues the ALJ's RFC determination is supported by substantial evidence in the record and should be affirmed. ECF No. 10. The Court will consider each of these arguments for reversal.

**A.    Physicians' Opinions**

Plaintiff claims the ALJ erred by giving weight to the opinions of Dr. John Putman, M.D. and by disregarding the opinions of Dr. Charles Klepper, M.D. and Dr. Shane Bennoch, M.D. ECF No.

9 at 4-6.

In his opinion, the ALJ gave great weight to the findings of Dr. Putman while giving lesser weight to the findings of Drs. Klepper and Bennoch. (Tr. 18). He stated the following regarding this decision:

> The undersigned has considered Dr. Klepper's opinion. However, although he had at one time been the claimant's treating physician, he has not examined her in several years when she presented at his office in April 2011 for the express purpose of having him "fill out her social security papers." Therefore, the undersigned has given Dr. Klepper's opinion little weight.
>
> The undersigned has also considered the opinions of Drs. Putman and Bennoch. However, as Dr. Putman was a treating physician, the undersigned has given his opinion greater weight noting that he assigned the claimant only a 24 percent impairment rating. Notably, although Dr. Putman opined that the claimant would need additional surgery in the future, he also released her to return to work with only a 30-pound weight limitation. Dr. Bennoch, on the other hand, examined the claimant on only one occasion, but assigned the claimant a 50 percent impairment rating. Dr. Bennoch's opinion is not consistent with that of Dr. Putman or with the medical evidence as a whole and thus the undersigned does not find it fully persuasive. . . .

(Tr. 18).

Plaintiff claims the ALJ's evaluation of this opinion evidence was in error for three reasons. ECF No. 9 at 4-6. First, Plaintiff claims the ALJ gave great weight to Dr. Putnam's findings regarding her work restrictions but failed to consider his finding that she "would eventually need a reverse shoulder arthroplasty procedure." ECF No. 9 at 4. The Court has reviewed Dr. Putnam's medical source statement. (Tr. 420). Although Dr. Putnam did find Plaintiff would eventually need shoulder surgery, he did not know when that surgery would be needed, and he still only assigned her a "permanent" lifting restriction of thirty pounds. *Id.* Thus, the Court finds the ALJ did not err in assessing Dr. Putman's findings.

Second, Plaintiff claims the ALJ erred in evaluating Dr. Klepper's findings and in

determining she only sought treatment to have him "fill out her social security papers." ECF No. 9 at 4. Instead, she claims she sought treatment from Dr. Klepper for her bilateral wrist pain. *Id.* The Court has reviewed Dr. Klepper's medical source statement dated April 20, 2011. (Tr. 551-555). Although Plaintiff did seek treatment for "bilateral wrist pain," the ALJ is also correct in finding she sought treatment for the express purpose of having her social security paperwork completed. (Tr. 551). Further, the ALJ was correct in noting Plaintiff had not been examined by Dr. Klepper "in several years" at the time she sought treatment in April of 2011. (Tr. 18). Accordingly, the Court finds the ALJ did not err by assigning little weight to the opinions of Dr. Klepper.

Third, Plaintiff claims the ALJ improperly disregarded the findings of Dr. Bennoch. ECF No. 9 at 5. As noted above, the ALJ disregarded his findings primarily because he examined Plaintiff "on only one occasion." (Tr. 18). As a consulting physician who has examined Plaintiff only once, Dr. Bennoch's opinions generally do not "constitute substantial evidence." *See Castro v. Barnhart,* 119 F. App'x 840, 843 (8th Cir. 2005). Thus, it was within the ALJ's discretion to assign lesser weight to the opinion of Dr. Bennoch.

As a final point, it is important to note the ALJ has the duty to resolve conflicts between medical experts. *See Clay v. Barnhart,* 417 F.3d 922, 930 (8th Cir. 2005) (holding "it is the ALJ's role to resolve conflicts in experts' opinions"). Based upon what has been presented to the Court, Plaintiff has offered no basis for reversing the ALJ's evaluation of these expert opinions and his decision to give greater weight to Dr. Putnam's opinion and lesser weight to Dr. Klepper's and Dr. Bennoch's opinions.

  **B.**  **Degenerative Disc Disease/Carpal Tunnel Syndrome**

Plaintiff claims the ALJ erred in considering her degenerative disc disease and carpal tunnel

syndrome. ECF No. 9 at 6-7. In his opinion, the ALJ did not find that either of these impairments was severe. (Tr. 13). However, in her application, Plaintiff did not allege these were disabling impairments. (Tr. 192). Also, at the administrative hearing, Plaintiff did not allege these were disabling impairments. (Tr. 25-51).

Thus, because Plaintiff did not present these impairments as disabling in either her application or at the hearing in this matter, the Court finds the ALJ was under no obligation to further investigate these impairments and did not err by failing to include them in his RFC evaluation. *See Smith v. Astrue,* 232 F. App'x 617, 619 (8th Cir. 2007) (holding "[w]e have repeatedly stated that an ALJ has no duty 'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (internal citation omitted).

### C. Opinion Evidence from Plaintiff's Mother

Finally, Plaintiff claims the ALJ gave improper weight to the statements made by her mother in support of her alleged disability. ECF No. 9 at 7. In his opinion, the ALJ did consider the testimony of Plaintiff's mother and found that "although well-meaning," that testimony "was not consistent with the medical evidence as a whole." (Tr. 18). It was within the ALJ's discretion to discount the opinions of Plaintiff's mother for this reason. *See England v. Astrue,* 490 F.3d 1017, 1024 (8th Cir. 2007). Accordingly, the Court finds no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

  **ENTERED this 26th day of November 2013.**

                  <u>/s/ Barry A. Bryant   </u>
                  HON. BARRY A. BRYANT
                  U.S. MAGISTRATE JUDGE